1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICARDO LOPEZ REYES,

                Petitioner,

    v.

LAURA HERMOSILLA, *et al.*,

                Respondents.

Case No. C25-2525-JNW-MLP

ORDER FOR SERVICE, § 2241
PETITION

Petitioner, through counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging as unlawful his current detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). (Dkt. # 1.) Courts have discretion in setting the briefing schedule for a § 2241 habeas petition and consider the individual circumstances of each case when determining appropriate deadlines. *See Clutchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985). Having reviewed the petition, the Court ORDERS as follows:

(1)    Petitioner has named as Respondents ICE officials, the Secretary of Homeland Security, and the U.S. Attorney General. (Dkt. # 1, ¶¶ 4-7.) The proper respondent for § 2241 petitions, however, is "the person who has custody over [the petitioner]"; *i.e.*, "the warden of the

facility where the prisoner is being held[.]" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (first alteration in original) (quoting 28 U.S.C. § 2242); *see also Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) (vacating grant of federal habeas relief where immigration detainee's direct custodian was not named as respondent). Petitioner indicates he is currently detained at the NWIPC, so the proper respondent for this action is the individual in charge of that facility. Accordingly, the Clerk is directed to add Bruce Scott, Warden of the NWIPC, as a Respondent in this action.

(2)    If not previously accomplished, electronic posting of this Order and Petitioner's § 2241 habeas petition shall effect service upon the United States Attorney of the petition and all supporting documents. Service upon the United States Attorney is deemed to be service upon the named Respondents.

(3)    On or before **December 18, 2025**, Respondents shall show cause why a writ of habeas corpus should not be granted by filing a return as provided in 28 U.S.C. § 2243. As a part of such return, Respondents shall submit a memorandum of authorities in support of their position, and should state whether an evidentiary hearing is necessary. Petitioner may file and serve a response to the return no later than **December 23, 2025**. Respondents may file and serve a reply no later than **December 26, 2025**, and the Clerk shall note the matter as ready for the Court's consideration on **December 26, 2025**.

(4)    The parties have a right to consent to have the case heard by the undersigned Magistrate Judge. Consent is voluntary. Counsel for the parties are directed to indicate whether they consent or decline consent by no later than **December 18, 2025**, by emailing Deputy Tim Farrell at tim_farrell@wawd.uscourts.gov. If the parties consent, the undersigned Magistrate

Judge will preside over the entire case through judgment. If the parties decline, the case will remain assigned to the District Judge and referred to the undersigned Magistrate Judge.

      (5)    Respondents shall provide Petitioner and Petitioner's counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer Petitioner from the Western District of Washington or to remove them from the United States.

      (6)    The Clerk is directed to add Bruce Scott as Respondent in this action and to send copies of this order to Petitioner, to all counsel of record, and to the Honorable Jamal N. Whitehead.

      Dated this 11th day of December, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge